**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Quarnita James, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | **No. 21 C 6750** |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| City of Chicago, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiffs' motion for reconsideration [50] is denied.

## STATEMENT

Plaintiffs move for reconsideration of this Court's May 25, 2022 ruling granting bifurcation of and staying discovery on their *Monell* claim. The Court assumes knowledge of the background facts and procedural history of the case.

Motions for reconsideration under Rule 54(b) generally "serve the limited function of correcting manifest errors of law or fact." *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 902 (N.D. Ill. 2015) (internal quotation marks and citation omitted). Manifest error occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks and citation omitted). Additionally, "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

While Plaintiffs assert that the Court was "not aware of key facts" when it ruled on the issue of bifurcation at the parties' initial status hearing, Plaintiffs fail to identify any facts of which the Court was unaware. Plaintiffs assert that the "trend in this District is now to deny bifurcation in § 1983 cases." (Pls.' Mot. Reconsideration, Dkt. # 50, at 1.) Not only was the Court aware at the time of its ruling of previous bifurcation orders in this district, but the most recent case Plaintiffs point to is from March 2020, over two years ago. *See Mendez v. City of Chi.*, No. 18 C 5560, 2020 WL 1479081, at *1 (N.D. Ill. Mar. 26, 2020). As Defendants note, at least four courts in this district have allowed bifurcation in the more recent past. *See, e.g.*, *Savory v. Cannon*, No. 17 C 204, 2022 WL 767169, at *6 (N.D. Ill. Mar. 14, 2022); *Treadwell v. Salgado*, No. 19 C 3179, 2022 WL 267988, at *2 (N.D. Ill. Jan. 28, 2022); *Tate v. City of Chi.*, No. 19 C 7506, 2021 WL 4400982, at *3 (N.D. Ill. Sept. 27, 2021); *Archie v. City of Chi.*, No. 19 C 4838, Dkt. # 179 (N.D. Ill. Aug. 25, 2021). Thus, Plaintiffs' assertion of a "trend" in favor of denying bifurcation is overstated, if not inaccurate.

Plaintiffs next contend that allowing the *Monell* claim to proceed will cause little additional discovery. Again, the argument with respect to efficiency is one of which the Court was well aware at the time of its original ruling on bifurcation. Moreover, Defendants disagree with Plaintiffs' premise and argue that allowing *Monell* discovery at this juncture could require them to:

- Consult regularly with one or more representatives at various agencies and the City Council regarding litigation strategy; the existence and location of documents and data; and the feasibility of production of materials;
- Press those agencies to produce materials in a timely fashion against the backdrop of staffing challenges and heavy workflows in both litigation and non-litigation areas;
- Review, redact, and produce thousands of pages of unrelated Complaint Registers;
- Review and produce thousands more pages of budget statements, ordinances, written policies, and training material;
- Conduct an ESI search after negotiating terms with Plaintiffs on one or more subjects and review the results prior to production;
- Interpret lengthy 30(b)(6) notices and identify, prepare, and produce multiple 30(b)(6) witnesses on topics including, among others, training of police officers; the written policies of the Chicago Police Department; and the City Council's role in overseeing police reform;
- Hold Rule 37.2 conferences on various subjects when discovery disputes arise;
- Litigate *Monell* discovery disputes that cannot be resolved;
- Identify, hire, prepare, and present potential expert witnesses on multiple subjects, review expert reports that can span over 100 pages, and depose Plaintiffs' expert witnesses;
- File and defend against *Daubert* motions; and
- File and defend against a partial summary judgment motion as to *Monell*.

(Defs.' Resp., Dkt. # 57, at 6.)

Even if only a fraction of these potential consequences come to fruition, the Court finds that that they call for bifurcation. Defendants' citation to the *Mendez* case in this regard is instructive. The plaintiff in *Mendez* alleges constitutional violations surrounding the execution of a search warrant that took place over the course of less than 15 minutes. Mendez objected to the City's motion to bifurcate, stating in part that *Monell* discovery would not be burdensome and that allowing the *Monell* claim to move forward would require only six additional depositions. According to Defendants, "[d]espite the initial estimate that six or fewer 30(b)(6) depositions would be needed in support of the *Monell* claim, Plaintiffs took approximately a dozen such depositions" and an "additional two taken in [another] case were incorporated by agreement in *Mendez* because they could not be taken within that case's discovery timeframe." (Defs.' Resp., Dkt. # 57, at 8.) Plaintiffs respond that contrary to the City's position on *Mendez*, the discovery completed in that case "represents the legwork already done by the City that

2

reduces its *Monell* burden in this case to near zero." (Pls.' Reply, Dkt. # 64, at 4.)  In addition, Plaintiffs cite several cases in which the court has denied bifurcation because the burden posed by *Monell* discovery was mitigated by the completion of overlapping *Monell* discovery in other cases.  The Court is cognizant of the *Monell*-discovery overlap with at least some other cases pending against the City, but what other courts have concluded regarding the bifurcation issue does not dictate a certain result in this case.  If, as Plaintiffs assert, very little new *Monell* discovery is actually needed here, then completing it after the close of fact discovery for the individual defendants will add little time to the ultimate resolution of this case, with the added benefit of eliminating any potential roadblocks to completing fact discovery on the individual defendants as quickly and efficiently as possible.  *See Treadwell*, 2022 WL 267988, at *6 ("Bifurcation can, especially in instances where municipal liability is dependent on individual liability as here, present a number of benefits–including the bypassing of significant discovery (and associated discovery complications) related to the municipality's policies and practices . . . . ").

In their reply, Plaintiffs also assert that the status hearing in which the Court ruled on bifurcation "departed from" common principles of bifurcation—namely, that the party seeking bifurcation bears the burden of showing that bifurcation promotes judicial economy and does not unfairly prejudice the nonmoving party, and that a court's decision on bifurcation demands a fact-intensive analysis.  (Pls.' Reply, Dkt. # 64, at 1.)  Merely because the Court may not have articulated all of the bases for its decision does not mean the Court did not consider them; the Court has been presented with the bifurcation issue innumerable times during its over thirty years on the bench.  In any event, the Court finds that bifurcation of the *Monell* discovery promotes judicial economy for the reason already stated above and given the apparently small amount of *Monell* discovery that will need to be completed, little if no delay is likely; therefore, Plaintiffs will not be prejudiced.

Because Plaintiffs have not demonstrated a valid basis for the Court's reconsidering its original ruling, the motion for reconsideration is denied.  In any event, based both on its historical knowledge of the issues associated with bifurcation and the specific facts and arguments in this case, the Court remains firm in its conclusion that bifurcation is appropriate here.

**Date**:  July 26, 2022

**Ronald A. Guzmán**
**United States District Judge**